IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SYLVIA NICOLE MITCHELL**                                                        **PLAINTIFF**

**V.**                                                                    **NO. 4:20-CV-104-DMB-DAS**

**ANDREW SAUL,**
**Commissioner of Social Security**                                         **DEFENDANT**

## ORDER

Before the Court is the Report and Recommendation issued by United States Magistrate Judge David A. Sanders regarding the Commissioner's denial of Sylvia Nicole Mitchell's supplemental security income application.

### I
### Procedural History

On June 12, 2020, Sylvia Nicole Mitchell filed a complaint in the United States District Court for the Northern District of Mississippi appealing the unfavorable decision of the Commissioner of Social Security regarding her application for supplemental security income. Doc. #1. On March 12, 2021, United States Magistrate Judge David A. Sanders issued a Report and Recommendation ("R&R"), which recommends that the Commissioner's decision be affirmed as supported by substantial evidence. Doc. #23 at 1.

The next day, Mitchell filed objections to the R&R. Doc. #24. The Commissioner responded to the objections on March 29, 2021. Doc. #25. Mitchell replied in support of her objections on April 5, 2021. Doc. #26.

### II
### Standard

Where objections to a report and recommendation have been filed, a court must conduct a

"*de novo* review of those portions of the … report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citations omitted).

## III
## Objections

### A. Assessment of Jobs Available

Mitchell first objects to the R&R's conclusion that substantial evidence supports the ALJ's step five finding that competitive employment exists. Doc. #24 at PageID 1050.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* "Evidence is substantial if a reasonable mind would support the conclusion; there must be more than a scintilla, but it need not be a preponderance." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (internal quotation marks omitted). A court must be careful not to "reweigh the evidence or substitute [its] judgment for that of the ALJ." *Salmond v. Berryhill*, 892 F.3d 812, 819 (5th Cir. 2018) (internal quotation marks omitted).

The ALJ's residual functional capacity ("RFC") finding included a limitation that Mitchell "needs [the] option to stand or move about for two to three minutes at a time every 30 minutes." Doc. #9 at PageID 87. Regarding this limitation, the vocational expert ("VE") testified that being off task less than 10 percent of the time would still allow for competitive employment but conceded that if someone were moving around, she would not be on task. *Id.* at PageID 125. The R&R concludes that because the RFC provides that Mitchell "needs only the option to stand *or* move

2

about for two *to* three minutes at [a] time," the limitation results in less than 10 percent of time off task and does not preclude competitive employment since Mitchell would not be off task for the entire two-to-three-minute period that she is either standing or moving. Doc. #23 at 1–2.

Mitchell argues that, by allowing for up to 3 minutes of time off task every thirty minutes, the ALJ's RFC provides for "10% of time off task which is exactly the amount of time off task that would preclude competitive employment consistent with the VE's testimony." Doc. #26 at 1. Specifically, Mitchell submits that the R&R failed to consider a portion of the VE's testimony discussing time off task when moving around. Doc. #24 at 1–2. The Commissioner argues that because an individual in the workplace can stand without being off task, substantial evidence supports the ALJ's finding that Mitchell could perform other work. Doc. #25 at 1–2.

The excerpt of testimony that Mitchell argues the R&R did not consider is:

**ALJ**: What if this person needed the option to stand or move around every 30 minutes for two to three minutes at a time?
**VE**: As long as it doesn't put them off task or disrupt the workplace. So that would be off task 10 percent or more of the time. That would still allow for competitive employment.
**ALJ**: All right, well, if she's moving around, she's not going to be on task. That's less than 10 percent. So are we okay with that.
**VE**: Yes, if it's less than 10 percent, then they would still offer competitive employment.

Doc. #9 at PageID 125.

Consistent with the R&R, the Court does not interpret the stand/move about limitation to mean that Mitchell will be off task 10 percent or more of the time that she is either standing or moving about. Just as the ALJ's RFC finding did not permit only standing, it also did not permit only moving about. Because the RFC allows for the option of either standing or moving about, substantial evidence supports the ALJ's finding that competitive employment exists. Mitchell's job assessment objection is overruled.

### B. Separate Finding of Ability to Maintain Employment

Mitchell also objects to the R&R's conclusion that the ALJ was not required to make a separate finding as to whether she could maintain employment. Doc. #24 at PageID 1051. Relying on *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986), Mitchell argues that when, as here, a case involves a mental illness, the ALJ is required to determine whether the claimant can hold whatever job she finds for a significant period of time. *Id.* at PageID 1051–52. Specifically, Mitchell argues that the R&R's reliance on *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003), is misplaced because *Frank* did not involve a plaintiff who has a severe mental illness that waxes and wanes. *Id.* at PageID 1051. The Commissioner responds that the question is "whether Plaintiff's symptoms waxed and waned to a *disabling* level during the relevant period" and that Mitchell has not made such a showing. Doc. #25 at PageID 1058.

The Fifth Circuit has applied the rationale in *Frank* to cases involving mental impairment and has rejected the contention that "*Singletary* requires a separate finding with respect to the claimant's ability to maintain employment in every case." *Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *1 (5th Cir. June 6, 2008) (citing *Frank*, 326 F.3d at 621) ("*Singletary* simply interpreted 'disability' under the Act to apply to cases in which a person could work for short periods, but could not hold a job. It did not require … separate findings on 'obtaining' and 'maintaining' a job in every case …."). Thus, the R&R's reliance on *Frank* is not misplaced.

The Court agrees that Mitchell has not established the existence of mental impairments that wax and wane to a disabling level such that a separate finding regarding her ability to maintain employment was necessary. *See Barratt*, 2008 WL 2325636, at *2 (finding claimant's ability to maintain employment is subsumed in the RFC determination when claimant offered no evidence that his condition waxes and wanes in a manner that prevents him from maintaining employment).

4

As noted by the ALJ, since the time Mitchell received inpatient care in April 2018, "the record reflects that the claimant is stable" and "[h]er mental status exams show little difficulty with concentration or memory." Doc. #9 at PageID 91. Accordingly, no separate finding regarding Mitchell's ability to maintain employment was required and Mitchell's objection in this regard is overruled.

## IV
## Remainder of R&R

The Court has reviewed the remaining portions of the R&R to which no objections were filed and finds no plain error on the face of the record.

## V
## Conclusion

Mitchell's objections [24] to the Report and Recommendation are **OVERRULED**; the Report and Recommendation [23] is **ADOPTED** as the order of this Court; and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this 17th day of June, 2021.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**